(No. 40648.— ■■■■■■■

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWIN J. CONRAD, Appellant.

*Opinion filed Sept. 24, 1968.—Rehearing denied Nov. 21, 1968.*

WARD, J., took no part.

RICHARD L. VERKLER, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

14

Following a jury trial in the circuit court of Cook County, defendant, Edwin Conrad, was convicted of murder and sentenced to imprisonment for life. He appealed directly to this court and the cause was transferred to the Appellate Court, First District, because no substantial constitutional questions were presented. Before that court defendant contended that he was not proved guilty beyond a reasonable doubt in that he was insane, as a matter of law, at the time of the commission of the murder and that he did not receive a fair trial. With respect to this latter contention, he advanced specific claims of error relating to the trial court's rulings on admission of evidence, restriction of cross-examination, and selection of instructions, as well as certain allegedly prejudicial remarks by the prosecutor in closing argument. After full consideration of the arguments, the appellate court affirmed the conviction, finding "that defendant received a fair trial; that the verdict is supported by the evidence and no prejudicial error intervened to require a new trial." (81 Ill. App. 2d 34, 54.) We granted leave to appeal because there appeared to be a conflict between the appellate court's holding concerning defendant's right to view a document used by a witness to refresh his recollection prior to testifying and our decision in *People* v. *Scott,* 29 Ill.2d 97.

In that case, a police officer, prior to testifying concerning the voluntariness of the defendant's confession, refreshed his recollection by referring to notes he had made contemporaneously with the confession. These notes were shown to be available but the trial court overruled a defense demand to be allowed to examine them. We held this ruling to be error, finding that the defense is entitled to view such documents, the availability and relevance of which have been demonstrated. Because it was possible that the officer's testimony, which was of critical importance on the issue of the defendant's guilt or innocence, could have been discredited upon cross-examination based on discrep-

ancies revealed by the notes, we refused to hold this error harmless.

In the present case, defendant had made certain remarks to a Milwaukee police officer to whom he had voluntarily surrendered himself. At trial, this officer testified that upon approaching him defendant had said, "I killed my step-daughter". The officer admitted that prior to trial, to refresh his recollection, he had referred to a notebook in which he had contemporaneously written defendant's statement to him, but the trial court refused a defense request to produce the notebook in court. On cross-examination, the witness read from a report, which he had prepared for his commanding officer, as follows: "On Sunday, January 10, 1960, subject [defendant] stopped us on North Third and West Wisconsin Avenue and said he was wanted—he wanted to give himself up, that he was wanted for the murder of his stepdaughter, Margaret Nowicki." Although this report did not embody defendant's alleged explicit admission to killing his stepdaughter, the officer asserted that there was no discrepancy between the report and his testimony in that the former was "just a brief report of what the man is being held for" and did not reflect the exact words uttered by defendant. Because "the jury had an opportunity to consider whether or not the aforesaid report contradicted the testimony of officer Parys with regard to defendant's oral confession", the appellate court found that "no prejudicial error was committed by the trial judge in refusing to order the notebook to be produced in court." 81 Ill. App. 2d 34, 48.

We are convinced, from a careful study of the full record now before us, that the appellate court's holding on this issue was correct and does not contravene the decision in *People* v. *Scott.*

In final analysis, however, whether the trial court's refusal to compel production of the notebook was prejudicial to defendant must be determined within the context

of his trial, or, more specifically, in relation to its possible effect on the jury's verdict and punishment. Here, there was overwhelming independent evidence that the defendant had killed his stepdaughter, including certain testimony offered by the defendant himself. The real issue vital to the defense at trial was therefore not whether he had killed the deceased but whether he was insane when he killed her. With respect to this latter issue, ,the possible impeachment value to be gained from examination of the notebook would have no relevance and consequently no effect. We find that no prejudicial error was committed in this regard.

We have carefully examined the record in light of defendant's other allegations of error and find that they are adequately disposed of by the opinion of the appellate court. Its judgment is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.