THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BARBARA HEIDORN, Defendant-Appellant.

Second District   No. 81—978

Opinion filed May 17, 1983.

G. Joseph Weller and Joel Teibloom, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cheri Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Barbara Heidorn, was charged with theft in that she knowingly exerted unauthorized control over a television set, valued in excess of $150, belonging to Jewel Companies, Inc., d/b/a Osco Drug, with intent to permanently deprive Jewel/Osco of the television set in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)). Defendant was also charged with two counts of retail theft arising out of the same incident. (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3(a).) She was convicted of both theft and retail theft in a jury trial and judgment was entered on the jury verdicts for both offenses, but sentence was imposed on defendant only for theft over $150 under section 16—1(a)(1).

On appeal, defendant first contends that her conviction for theft over $150 should be reversed on the grounds that the State failed to prove an essential element of the offense beyond a reasonable doubt, to wit: that she acted with the requisite criminal intent to deprive Jewel/Osco of its property.

■■■ Resolution of this issue depends primarily on the credibility of the witnesses. Questions of credibility of the witnesses and the weight to be given their testimony are matters for the jury's determination. (*People v. Falkner* (1978), 61 Ill. App. 3d 84, 87.) While a reviewing court must review the evidence carefully and reverse a conviction if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt (61 Ill. App. 3d 84, 87), the jury's verdict will not be disturbed unless it is so unreasonable, improbable, or unsatis-

factory as to raise a reasonable doubt of guilt. (*People v. Camden* (1980), 91 Ill. App. 3d 946, 955.) Where an element of the State's case is proved circumstantially, as intent was here, the proof must be of a conclusive nature, producing a reasonable and moral certainty of the defendant's guilt and excluding any reasonable hypothesis of innocence. (*People v. Williams* (1980), 85 Ill. App. 3d 850, 858; *People v. Trapps* (1974), 22 Ill. App. 3d 1029, 1032-33.) Where two equally reasonable hypotheses exist, the one consistent with innocence must be adopted. (*People v. Ibom* (1962), 25 Ill. 2d 585, 594.) However, the jury need not accept the defendant's version of the facts, but may consider its probability in light of the surrounding circumstances. *People v. Camden* (1980), 91 Ill. App. 3d 946, 955; *People v. Williams* (1980), 85 Ill. App. 3d 850, 858.

■ Here, despite the evidence presented by the defense, the defendant's intent was sufficiently demonstrated to support the verdict of the jury. Intent to permanently deprive may be inferred simply from the act of taking another's property. (*People v. Falkner* (1978), 61 Ill. App. 3d 84, 87; *People v. Gischer* (1977), 51 Ill. App. 3d 847, 850.) While such an inference may be rebutted by proof of the existence of a state of mind incompatible with intent to steal (*People v. Baddeley* (1969), 106 Ill. App. 2d 154, 158-59; see also *People v. Eatherly* (1979), 78 Ill. App. 3d 777, 782; *Peopel v. Falkner* (1978), 61 Ill. App. 3d 84, 91), in light of the total circumstances shown by the evidence in this case, the jury was not required to accept the defendant's version of the facts.

Wizer, the store security agent, and Cogley, a Jewel employee, both testified that defendant had passed through one set of the store's exit doors when she was apprehended. Defendant, who was under almost continuous observation after Lorentsen, the stock clerk, put the television in her shopping cart, was not seen paying for the set. According to Wizer, the defendant initially, upon being apprehended, claimed to have paid for the set but did not have any receipts. Defendant at trial did not claim to have paid for the television set. The substance of her testimony and that of her neighbor was that defendant intended to purchase the set for her neighbor and was standing in front of the store awaiting her neighbor when she was apprehended. She denied any intent to steal. Based on the evidence in this case, it is not so unreasonable, improbable and unsatisfactory as to raise a reasonable doubt. The jury's verdict must be affirmed.

■ The defendant also requests that her conviction be reversed and a new trial granted because of certain trial errors. The first of these is that the trial court erroneously limited the defendant's oppor-

tunity to cross-examine the State's key witness, Rick Wizer, concerning his vulnerability to a civil suit for false arrest. In an effort to show bias on the part of the witness, the defense unsuccessfully sought to question the witness whether or not it might be possible he or Jewel could be sued for false arrest.

Defendant's post-trial motion contains no objection to the trial court's limitation of cross-examination of the witness, Wizer, and therefore, this issue has not been preserved for review and has been waived. *People v. Edwards* (1978), 74 Ill. 2d 1, 6-7; *People v. Williams* (1981), 96 Ill. App. 3d 8, 20-21.

Further, *People v. Bradford* (1979), 78 Ill. App. 3d 869, 877, disposes of this issue on its merits. In the present case, at the time of trial, there was no evidence that a civil lawsuit had been filed or even been contemplated against Jewel or the witness. Any testimony concerning such a suit would have been speculative and uncertain. The trial court did permit examination of Wizer as to whether he had any interest in the outcome of the trial and whether he received any additional compensation for making an arrest. We find no abuse of discretion on the part of the trial court in excluding examination of the witness, Wizer, concerning possible civil lawsuits. See *People v. Denby* (1981), 102 Ill. App. 3d 1141, 1150.

■ Defendant's next assertion of error is that two comments of the trial court made to defense counsel were so prejudicial as to deny defendant a fair trial.

This issue also could be viewed as waived because of defendant's failure to object at trial or assert the matter in her post-trial motion. (See *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181; *People v. Precup* (1978), 73 Ill. 2d 7, 16.) However, given the fundamental importance of a fair trial and the practical difficulties involved in objecting to the conduct of the trial judge, the waiver rule is applied less rigidly when the judge's conduct is the basis for the objection. (*People v. Sprinkle* (1963), 27 Ill. 2d 398, 401; *People v. Smalley* (1973), 10 Ill. App. 3d 416, 427; *People v. McGrath* (1967), 80 Ill. App. 2d 229, 236; contra *People v. Crosby* (1976), 39 Ill. App. 3d 1008, 1010.) Therefore, we will consider the merits of this issue.

■ Every defendant, regardless of the nature of the proof against him or her, is entitled to a trial that is free from improper and prejudicial comments on the part of the trial judge. (*People v. Parker* (1976), 40 Ill. App. 3d 597, 605.) While the trial judge has wide discretion in the conduct of trial, he must not make comments or insinuations, by word or conduct, indicative of an opinion on the credibility of a witness or the argument of counsel. (*People v. Marino*

(1953), 414 Ill. 445, 450.) Because of the judge's great influence over the jury (414 Ill. 445, 450-51), the trial judge must exercise a high degree of care to avoid influencing the jurors in any way, to remain impartial, and to not display prejudice or favor toward any party. *People v. Sprinkle* (1963), 27 Ill. 2d 398, 403; *People v. Wells* (1982), 106 Ill. App. 3d 1077, 1086.

Defendant objects to two comments made by the judge during trial. In sustaining the State's objection to defendant's inquiry on cross-examination as to Wizer's potential civil liability, the court stated, "let's not create false issues, Mr. Laz." In overruling the prosecutor's objection to defendant's closing argument concerning the effect of an arrest on Wizer's employment, the court commented, "I think that is an argument that is based on the evidence. I don't understand it myself, but go ahead."

■ For comments by a trial judge to constitute reversible error, the defendant must show that the remarks were prejudicial and that he or she was harmed by the comments. (*People v. Wells* (1982), 106 Ill. App. 3d 1077, 1086; *People v. Nurse* (1975), 34 Ill. App. 3d 42, 47; see also *People v. Parker* (1976), 40 Ill. App. 3d 597, 605.) This may be shown where the trial court expresses disbelief in the testimony of defense witnesses, confidence in the credibility of prosecution witnesses, or an assumption of the defendant's guilt. (*People v. Sprinkle* (1963), 27 Ill. 2d 398; *People v. Marino* (1953), 414 Ill. 445.) Similarly, a hostile attitude toward defense counsel, an implication that defense counsel's presentation is unimportant, or a suggestion that defense counsel is attempting to present a case in an improper manner may be prejudicial and erroneous. 414 Ill. 445, 451; *People v. Andrae* (1920), 295 Ill. 445, 460-61; *People v. Ferguson* (1973), 11 Ill. App. 3d 914, 917.

■ However, while the court's remarks here may have been improper, not all improper comments constitute reversible error. (*People v. Parker* (1976), 40 Ill. App. 3d 597, 605.) The verdict will not be disturbed unless the judge's remarks constituted a material factor in the conviction or unless prejudice to the defendant appears to be their probable result. (40 Ill. App. 3d 597, 605.) There is no error where the court merely makes a ruling which is unfavorable to a party or where the court properly admonishes counsel, as is arguably the case with the judge's comment during defendant's cross-examination of Wizer. (*People v. Brown* (1980), 87 Ill. App. 3d 368, 371; *People v. Utinans* (1977), 55 Ill. App. 3d 306, 323-24.) An ambiguous comment, as was the court's remark concerning defendant's closing argument, generally is not prejudicial error. (*People v. Smalley* (1973), 10 Ill. App. 3d

416, 427.) Even where the court's method of ruling on an objection does indicate an opinion as to the validity of a party's position, the context of the judge's remark may be such that there is no prejudice. In considering the possible prejudicial effect of the trial court's comments, it must also be noted that the jury was instructed by the trial judge that "neither by these instructions nor by any ruling or remark which I have made do I mean to indicate any opinion as to the facts or as to what your verdict should be."

We conclude, in view of the total circumstances of the case that the trial judge's remarks, while they were improper and should not have been made, had no effect on the verdict of the jury and constituted harmless error.

■ Defendant's final contention of error relates to an alleged misstatement of evidence by the prosecutor. During closing argument, the prosecutor stated, "we have an explanation from the defendant this morning as to what occurred on January 3d of 1981, but she never told any of those people on that date this story." In her rebuttal argument, the prosecutor stated: "when stopped and asked about the television set that was in the cart, why did the defendant not tell Rick Wizer, 'I'm here to pay for this for a friend of mine'? No, she didn't say that to him. There is no testimony that she said that to him later on * * *."

Defendant, citing *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, also argues that these remarks destroyed defendant's presumption of innocence in that inferentially they constituted an improper use of defendant's silence to impeach her exculpatory testimony at trial. *Doyle* is inapposite; it stands for the rule that where a defendant is given the *Miranda* warnings at the time of his arrest and exercises his right to remain silent, the State may not comment at trial upon his post-arrest silence. A defendant's silence prior to arrest is admissible, as is the failure to give statements to private parties, such as security guards, as opposed to the police. (*People v. Adams* (1981), 102 Ill. App. 3d 1129; *People v. Williams* (1978), 65 Ill. App. 3d 1.) In addition, we are not concerned here with defendant's silence, but with the alleged inconsistencies in defendant's statements.

The prosecutor may not make arguments or assumptions which are not based upon the evidence, and it is highly improper for the prosecutor to misstate the evidence in his or her argument. (*People v. Beier* (1963), 29 Ill. 2d 511, 517; *People v. Johnson* (1976), 35 Ill. App. 3d 666, 668.) This is especially true during rebuttal argument, as then defense counsel has no opportunity to make a response. *People v. Es-*

*cobar* (1979), 77 Ill. App. 3d 169, 177.

However, the prosecutor may introduce and comment upon inconsistencies between pre-arrest and post-arrest statements and the defendant's trial testimony so long as there is a definite and manifest inconsistency. (*People v. Rehbein* (1978), 74 Ill. 2d 435, 441-42; see *People v. Beller* (1979), 74 Ill. 2d 514; *People v. Adams* (1981), 102 Ill. App. 3d 1129.) In making its comments, the State may rely on its evidence, to the exclusion of defense evidence, in closing argument. See *People v. Zenner* (1979), 78 Ill. App. 3d 40.

Here, there is a direct contradiction between the defendant's version given at trial and the State's evidence concerning her response to Wizer when apprehended. According to Wizer, when he first apprehended defendant, he asked for a receipt showing payment for the television, to which defendant responded, "What TV?" and shrugged her shoulders when he indicated the set in the cart. Wizer further testified that when he escorted defendant to the store's security office, he again requested proof of purchase, and while defendant claimed to have paid, she did not have a receipt. Under these circumstances, the trial court did not err in overruling the defendant's objection to the prosecutor's argument.

The record does disclose, however, that while defendant was sentenced only for the offense of theft over $150, judgments were entered against the defendant on the jury verdicts for both theft over $150 and retail theft.

■■■ Since both of these offenses arose from the same physical act, only one judgment of conviction can stand, even though the defendant was only sentenced to one offense. (*People v. Tyllas* (1981), 96 Ill. App. 3d 1, 6.) The judgment of conviction of the defendant for the offense of retail theft (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3(a)) is vacated.

The judgment of conviction and sentence of the defendant for the offense of theft over $150 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)) is affirmed.

Affirmed in part, vacated in part.

LINDBERG and REINHARD, JJ., concur.