THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHNNY FREEMAN, Defendant-Appellant.

First District (2nd Division)   No. 1—86—2023

Opinion filed April 25, 1989.

Randolph N. Stone, Public Defender, of Chicago (Hugh Stevens, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund and Linda Woloshin, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Johnny Freeman, was convicted by a jury of criminal sexual assault, aggravated criminal sexual assault, aggravated kidnapping and murder of a five-year-old girl. He was sentenced to life imprisonment without parole for murder, a consecutive sentence of 60 years in prison for aggravated criminal sexual assault, and a consecutive sentence of 15 years in prison for aggravated kidnapping. The conviction for criminal sexual assault merged into the conviction for aggravated criminal sexual assault.

Since defendant has not raised any issue on appeal relative to the sufficiency of the evidence, a detailed recital of facts is not necessary.

The evidence supporting the conviction established that defendant took the victim, a five-year-old female, from the fifth floor to a fourteenth-floor apartment of the Henry Horner Homes in Chicago. After committing criminal sexual assault on the victim, he shoved the victim

out of a window. When the victim grabbed the edge of the window and screamed for her mother, defendant shoved her a second time. The victim fell to the ground 14 floors below. She was pronounced dead at Cook County Hospital.

Testimony of an eye witness, coupled with defendant's confession, is part of the overwhelming evidence of defendant's guilt.

Defendant appeals his conviction and sentence.

## I

Defendant contends that certain comments made by the trial judge during *voir dire* examination of the jury constitute reversible error and require a new trial.

Prior to *voir dire*, the court told the venire of their responsibility in determining guilt or innocence and that a finding of guilt depended on the State meeting its burden. During *voir dire*, two prospective jurors stated that they could not put aside their prejudices based on the charges. The court told the two jurors specifically and the jurors as a whole:

"We are not here to determine the caliber of the crime that I mentioned. We are here to determine whether or not the State can prove beyond a reasonable doubt that this defendant committed the crime.

Because one crime has been committed we do not want to perpetuate it by committing a second and convicting the wrong person. That is the reason we are having a trial.

So again, we are not here to determine whether or not a crime has been committed, but whether or not the State can prove beyond a reasonable doubt that this defendant committed that crime. Again, as I pointed out, we don't want to make two mistakes."

Objections from both the defendant and the State were overruled.

After the jury had been selected and immediately prior to opening statements of counsel, the court told the jury that any remarks he "made or will be making" during the proceedings "are not to be considered by you in the course of what your deliberations are or what your verdicts ought to be" and reminded them of the State's burden and their responsibility as jurors.

After all of the evidence was presented and counsel made their closing arguments, the court instructed the jury regarding the law to be applied. The instructions included Illinois Pattern Jury Instructions, Criminal, No. 1.01 (2d ed. 1981), which states, *inter alia*: "Neither by these instructions nor by any ruling or remark which I have made do I

mean to indicate any opinion as to the facts or as to what your verdict should be.'' The jury was also properly instructed on the elements of each offense and their duty to find that each element of each offense was proved beyond a reasonable doubt.

■ In order for the comments by a judge to constitute reversible error, the defendant must show that the remarks were prejudicial and that he was harmed by them. (*People v. Heidorn* (1983), 114 Ill. App. 3d 933, 937, 449 N.E.2d 568.) A reviewing court does not need to determine whether the record in a criminal case is perfect, but has to ensure that the defendant had a trial free from substantial and prejudicial errors. *People v. Conrad* (1967), 81 Ill. App. 2d 34, 54, 225 N.E.2d 713, *aff'd* (1968), 41 Ill. 2d 13, 241 N.E.2d 423.

■ The instant case involved overwhelming evidence of guilt. We fail to see any possibility that the court's comments constituted a material factor in defendant's conviction. The jury was admonished twice to disregard such comments and was properly instructed as to the law. Therefore, upon thorough review of the record, we find that defendant has received a fair trial and any comments made did not rise to the level of prejudicial error.

## II

Defendant next argues that the life in prison statute does not allow a life sentence without parole for defendants who were 17 years old or younger at the time of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1.) Thus, defendant requests that this cause be remanded for new sentencing.

■ Where the legislature has decided to limit the imposition of a particular sentence to offenders above a certain age it has done so by express language. (See, *e.g.*, Ill. Rev. Stat. 1985, ch. 38, pars. 9—1(b), 1005—5.2(b).) The lack of language limiting the imposition of a natural life sentence to offenders of a certain age indicates that the provision is generally applicable to defendants of any age who are convicted of murder. *People v. Cooney* (1985), 136 Ill. App. 3d 989, 1010-11, 484 N.E.2d 802, *cert. denied* (1986), 476 U.S. 1159, 90 L. Ed. 2d 720, 106 S. Ct. 2278.

The third district has examined the life imprisonment statute twice and concluded that it applies to defendants of any age. In *People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384, the court held that life imprisonment was appropriate where a 15-year-old defendant was convicted of a brutal and heinous murder that was committed in the course of another felony and that felony, like here, was rape of a girl under the age of 13. In *People v. Walker* (1985), 136 Ill. App. 3d 177,

483 N.E.2d 301, the court found that a life sentence was appropriate for a defendant who was 17 when he committed murder. We find these cases dispositive. Therefore, we will not disturb the defendant's sentence of life imprisonment.

## III

Defendant next argues that the trial court's sentence of life in prison plus two consecutive terms totalling 75 years violated section 5—8—4 of the Unified Code of Corrections. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4.) Defendant asks that the terms be made concurrent.

Defendant argues that the consecutive terms here are not required to protect the public since defendant was given a life sentence without the possibility of parole. He also contends that the legislature never intended natural life imprisonment to figure into consecutive sentencing.

██ This issue has been addressed twice, before other appellate courts. In *People v. Hines* (1988), 165 Ill. App. 3d 289, 518 N.E.2d 1362, *appeal denied* (1988), 121 Ill. 2d 577, *cert. denied* (1988), ____ U.S. ____, 102 L. Ed. 2d 226, 109 S. Ct. 236, and *People v. Epps* (1986), 143 Ill. App. 3d 636, 493 N.E.2d 378, the courts held that life imprisonment, coupled with consecutive sentences, was envisioned under the legislature's sentencing structure. In rejecting the argument that no useful purpose would be served for the public's protection, they found that consecutive sentencing may well be beneficial under these circumstances should defendant's life sentence be subsequently modified, commuted or reduced. *Hines*, 165 Ill. App. 3d at 307; *Epps*, 143 Ill. App. 3d at 643.

We agree with the holding of the courts in *Epps* and *Hines* that consecutive sentences are appropriate in such cases. Therefore, we affirm the consecutive sentences.

## IV

Defendant next contends that his extended-term sentence of 60 years for aggravated criminal sexual assault was not authorized because aggravated criminal sexual assault was not in the class of the most serious offense of which defendant was convicted. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2.

██ Our supreme court recently decided this issue in *People v. Young* (1988), 124 Ill. 2d 147, 529 N.E.2d 497. There, the court held that the statute allows the imposition of an extended-term sentence for the class of the most serious offense of which the defendant was convicted other than murder, even though defendant was separately sen-

tenced to natural life imprisonment on the murder conviction. (124 Ill. 2d at 166). Therefore, we find that the trial court did not commit any error.

## V

Defendant next contends that his sentence was based on the trial court's outrage over the nature of the crimes. Defendant contends that the mitigating evidence presented at the sentencing hearing should have reduced his penalty.

A fair consideration of this issue shows that the trial court did not abuse its discretion. The victim's death resulted from exceptionally brutal and heinous behavior indicative of wanton cruelty. The court heard testimony on the severity of the crime, the victim's age, and the defendant's age and potential for rehabilitation. The trial court's comments during sentencing indicate that it considered the aggravating and mitigating circumstances.

Therefore, we will not disturb the judgment of the trial court.

## VI

Finally, defendant argues that the jury instructions on aggravated criminal sexual assault and aggravated kidnapping (1) broadened the charges in the indictment and (2) were incomplete and inconsistent, which violated his rights to a grand jury, due process and a fair jury.

Failure to raise an issue both by objection and by inclusion in a motion for new trial results in waiver of that issue on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, *cert. denied* (1988), ___ U.S. ___, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Justice does not require the application of the plain error doctrine where the evidence of defendant's guilt is overwhelming. *Enoch*, 122 Ill. 2d at 198-99.

In the instant case, defendant failed to raise this specific issue either by an objection or inclusion in his motion for a new trial. Nor did defendant submit substitute instructions. Additionally, there was no objection to the forms of verdict used, nor was there any form submitted by defendant. Therefore, the issue has not been preserved for review.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.