2020 IL App (1st) 171210-U

FOURTH DIVISION
September 30, 2020

No. 1-17-1210

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the<br>) Circuit Court of<br>) Cook County |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 16 CR 14757 |
| | ) |
| JERRY PAYNE, | ) |
| | ) Honorable |
| Defendant-Appellant. | ) Diane G. Cannon,<br>) Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

### ORDER

¶ 1    *Held:* Reversing defendant's conviction and remanding for a new trial where defendant was denied a fair trial by the cumulative effect of the following errors: (1) improper evidence of defendant's other crime was admitted; (2) in the presence of the jury, the trial court commented on defense counsel's cross-examination of a witness; and (3) during closing arguments, the prosecutor committed misconduct.

¶ 2    A jury convicted defendant, Jerry Payne, of one count of possession of a stolen motor vehicle. Defendant was sentenced to six years' imprisonment. On appeal, defendant requests we reverse his conviction and remand for a new trial, contending he was denied a fair trial by the

cumulative effect of the following errors: (1) the trial court admitted improper evidence of defendant's other crime; (2) in the presence of the jury, the trial court commented about defense counsel's cross-examination of a witness; and (3) during closing arguments, the prosecutor engaged in misconduct. For the following reasons, we reverse defendant's conviction and remand for a new trial.

¶ 3                                    BACKGROUND

¶ 4      On September 18, 2016, two Chicago police officers arrested defendant after they discovered he was driving a vehicle that was reported stolen and he was not the registered owner. The State charged defendant with one count of possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)).

¶ 5                                     Pretrial

¶ 6      Prior to trial, the State filed a motion *in limine* requesting that the trial court allow the introduction of defendant's entire statement to the police, in which defendant informed the arresting officers that he knew the vehicle was stolen but he did not steal it. Defendant also informed the arresting officers that he was driving the vehicle while his friend purchased crack cocaine, and he was supposed to circle the neighborhood until his friend returned. Defendant also filed a motion *in limine*, requesting the trial court prohibit the admission of the statement regarding an attempted narcotics transaction. At the hearing on the parties' motions, the court found that the State may introduce the entire statement.

Trial

¶ 7      Kinate Bradley testified that he owned a 2008 Chrysler Sebring. On September 16, 2016, around 4 p.m., Bradley drove the vehicle to a restaurant in Chicago. He parked near the restaurant and left his key in the ignition. When he returned, the vehicle was missing. Bradley

testified that he never gave defendant permission to drive the vehicle. Bradley also stated that there was no broken glass in the area where he parked his vehicle and that there were no "outward signs" that his vehicle was stolen.

¶ 8    Asahi Hayden testified that she was an officer for the Chicago Police Department. On the day in question, Officer Hayden was patrolling with her partner, Nicolas D'Angelo, when they observed a Chrysler Sebring sitting on a railroad crossing. Defendant was behind the steering wheel of the Chrysler. When he commenced driving the vehicle, the officers followed him. Officer D'Angelo ran a vehicle check and discovered that the vehicle they were following had been reported stolen. The officers called for additional support.

¶ 9    Officer Hayden testified that they observed the defendant drive through several residential streets and at no time lost sight of the vehicle. Moreover, she testified that, without losing sight of the vehicle, defendant drove through the same neighborhood streets in a circular pattern. When the additional support units arrived, Officers Hayden and D'Angelo pulled the defendant over. The officers then learned that the defendant was not the vehicle's registered owner and he was not authorized to drive it. They arrested him. Officer Hayden testified that, with Officer D'Angelo present, defendant informed Officer Hayden that he knew the vehicle was stolen but that he did not steal it. Defendant explained that the reason he was driving the vehicle was because his friend left the vehicle to purchase crack cocaine and that he was to drive in circles until his friend returned.

¶ 10    On cross-examination, Officer Hayden testified that she did not record defendant's statement using video or audio equipment nor did she ask defendant to write down his statement. Officer Hayden further testified that she could have had him write a statement. Defense counsel then asked, "And you are testifying now to what you claim my client said; correct?" The State

objected, and the trial court sustained the objection. Defense counsel continued, "However, this is not the same as showing them an actual recorded statement; correct?" The State again objected, and the trial court sustained the objection. Then, in the presence of the jury, the court made the following comment to defense counsel: "unless you have evidence that this officer testified differently *** do not imply that to the jury. If you are going to impeach her on a prior statement, you can. But if there is no evidence of that, please don't insinuate *** she is testifying differently today." Defense counsel denied she was insinuating that, and the trial court responded: "you have had the police reports and she has testified previously at a preliminary hearing, so if there are inconsistencies, you can certainly impeach her. If not, please do not indicate in any way that she is."

¶ 11    The State rested. Defendant made a motion for a directed verdict, which was denied.

¶ 12    Defendant testified that at approximately on midnight, September 18, 2016, he was walking to a gas station, when his friend Johnny, and Johnny's girlfriend, Patricia, pulled up in a vehicle. They asked defendant if he could drive the vehicle and bring them to a Walgreens because defendant had a driver's license. When defendant was arrested and brought to the police station, no police officer questioned him. Defendant did not tell any police officer that he knew the vehicle was stolen prior to his arrest or that it had been reported stolen.

¶ 13    On cross-examination, defendant testified that he asked Johnny and Patricia whether he could drive Johnny's vehicle to his father's house, which was nearby. Defendant left his friends at the liquor store and departed for his father's house. Defendant did not remember stopping on train tracks, and when asked whether his path of travel was in the shape of a square, he denied it. When the police stopped him, he cooperated because he did not believe he had done anything wrong. Defendant denied that he informed the police he knew the vehicle was stolen or that he

dropped off his friend to buy crack cocaine. Defendant further testified that he was never questioned or read his *Miranda* rights; he was handcuffed to a bench and left there.

¶ 14     Defendant rested. In rebuttal, the State first called Officer D'Angelo, who testified that on September 18, 2016, he was patrolling with Officer Hayden. Around 1 a.m., he and Officer Hayden placed defendant into custody and read defendant his *Miranda* rights. Officer D'Angelo denied that defendant mentioned Johnny, Patricia, Walgreens, or defendant's father. On cross-examination, Officer D'Angelo testified that defendant stated that he knew the vehicle was stolen but he did not steal it and that he was driving the vehicle while his friend went to a residence to purchase drugs.

¶ 15     The State rested, and the parties made closing arguments.  During the State's closing argument, the prosecutor explained to the jury that, to determine whether defendant knew the vehicle was stolen, the jury must consider whether defendant made the statement to Officers Hayden and D'Angelo. The prosecutor argued that the circumstances surrounding defendant's alleged statement made the statement reliable and believable. The prosecutor noted that one of those circumstances was the content of the statement itself, and referring to defendant's alleged statement, the prosecutor made the following argument: "He doesn't know how that vehicle was stolen. He doesn't know if there were men with guns and masks that stole the car." The prosecutor continued, "What he does know is he doesn't want to be the one that is blamed for being the guy in the ski mask if there was a guy in a ski mask with a gun." Defense counsel objected, and the trial court sustained the objection. The trial court, however, did not admonish the jury to disregard the statement made by the prosecutor.

¶ 16     The prosecutor further argued that defendant's statement was reliable, stating as follows: "Like any good confession *** he added details. He added details that wouldn't hurt him, that

weren't crimes but maybe reflected poorly upon him and made it look like he was being honest." The prosecutor elaborated: "Not only did he say I didn't steal the vehicle *** but he also talked about his friend and the buying of crack. There is no crime in dropping someone off to buy crack."

¶ 17    The prosecutor concluded by emphasizing the severity of defendant's alleged offense: "To take that car that you knew was stolen because it would make it a little bit easier to go to your crack dealer is—". At that moment, defense counsel objected, and the objection was sustained.

¶ 18    After closing arguments, the trial court instructed the jury that arguments are not evidence, and that it must disregard arguments that were not based on evidence. The jury found defendant guilty of possession of a stolen motor vehicle. Defendant subsequently moved the trial court to set aside the jury verdict. The trial court denied the motion and sentenced defendant to six years in the Illinois Department of Corrections. This appeal followed.

¶ 19                                                  ANALYSIS

¶ 20    On appeal, defendant argues that we should reverse his conviction and remand for a new trial because (1) the trial court erred by allowing evidence of defendant's other crime, (2) the trial court erred by commenting on defendant's cross-examination of a witness, and (3) during closing arguments, the prosecutor committed misconduct which requires reversal. We address each argument in turn.

¶ 21                             Admission of Other-Crime Evidence

¶ 22    Defendant argues that the trial court erred by admitting irrelevant and prejudicial evidence of other crimes. Specifically, by admitting defendant's alleged statement that he had dropped off his friend to purchase crack cocaine. To prove possession of stolen motor vehicle,

the State was required to prove that defendant knew the vehicle was stolen. Defendant argues that the admission of the other-crime evidence was not necessary to prove knowledge. According to defendant, its only purpose was to paint him as a "criminal and drug addict out to get his next fix."

¶ 23 We review the trial court's admission of other-crimes evidence under an abuse of discretion standard and will reverse only if either the trial court's decision was arbitrary, fanciful, or unreasonable, or no reasonable person would take the view the trial court adopted. *People v. Braddy*, 2015 IL App (5th) 130354, ¶ 27 (quoting *People v. Donoho*, 204 Ill. 2d 159, 182 (2003)); *People v. Ward*, 2011 IL 108690, ¶ 21.

¶ 24 Evidence must be relevant for a proper purpose. See *People v. Lehman*, 5 Ill. 2d 337, 342 (1955). Evidence proving defendants' propensity to commit crimes is not a proper purpose, and generally, it is excluded from criminal trials as it tends to be overly persuasive to juries, who may " 'convict the defendant only because it feels he or she is a bad person deserving punishment.' " *Ward,* 2011 IL 108690, ¶ 24 (quoting *People v. Lindgren,* 79 Ill. 2d 129, 137 (1980)). Other-crimes evidence, however, may be relevant for any purpose other than to prove defendants' propensity to commit crimes (*People v. Pikes*, 2013 IL 115171, ¶ 11); for example, it may be admitted to prove intent, *modus operandi*, identity, motive, or absence of mistake. *Donoho*, 204 Ill. 2d at 170.

¶ 25 Even if other-crimes evidence is relevant for a proper purpose, trial courts may exclude it if its probative value substantially outweighs its prejudicial effect. *People v. Johnson*, 368 Ill. App. 3d 1146, 1154 (2006). Trial courts should determine whether the evidence is essential by considering other methods by which the State could use to establish the facts at issue. *People v. Thigpen*, 306 Ill. App. 3d 29, 36 (1999). The more essential the evidence, the higher its probative

value. See *People v. Campbell*, 2012 IL App (1st) 101249, ¶ 26.

¶ 26    We find that the probative value of the other-crime evidence was substantially outweighed by its prejudicial effect. Defendant's entire statement was that he knew the vehicle was stolen but did not steal it, that he was dropping off his friend to purchase narcotics, and that he was to circle around the block until his friend returned. The full statement already contained a confession that he knew the vehicle was stolen; had the reference to the narcotics transaction been omitted, the State could have proved defendant's knowledge just as effectively. See *Thigpen*, 306 Ill. App. 3d at 36. The other-crime evidence was not essential to prove defendant's knowledge, and it carried little to no probative value. See *Campbell*, 2012 IL App (1st) 101249, ¶ 26.

¶ 27    The State argues the trial court properly admitted the other-crime evidence because it corroborated Officer Hayden's testimony about defendant's path of travel prior to his arrest. Officer Hayden testified that she and Officer D'Angelo observed the defendant drive through several residential streets and at no time lost sight of the vehicle. Moreover, she testified that defendant drove in a circular path over the same neighborhood streets. Evidence that bolsters a witness's credibility is not always admissible if the prejudicial effect of the evidence substantially outweighs its probative value. See *People v. Romero*, 66 Ill. 2d 325, 330-31 (1977); *People v. Thingvold*, 145 Ill. 2d 441, 456-61 (1991). Even if the State wanted to corroborate Officer Hayden's testimony about defendant's path of travel, she could have still testified that defendant said he was to drive in circles until his friend returned; the reference to the narcotics transaction was not essential to accomplish this purpose. See *Campbell*, 2012 IL App (1st) 101249, ¶ 26. The State further argues that the other-crime evidence was necessary to give context to his arrest and explain why he was there and his path of travel. But providing the jury

with further context for the alleged confession was again not essential to prove whether defendant knew the vehicle was stolen. See *id.*

¶ 28     This other-crime evidence, moreover, carried "an extreme risk of prejudice"; that is, it carried the risk that the jury would convict defendant because he "is a bad person deserving punishment." *People v. Felton*, 2019 IL App (3d) 150595, ¶ 42 (quoting *Donoho*, 204 Ill. 2d at 170). Here, the other-crime evidence carried the risk that the jury would convict defendant not because of the evidence, but because he is a drug criminal. See *id.* Because the probative value was substantially outweighed by the prejudicial effect, we find it was an abuse of discretion to admit this other-crime evidence.

¶ 29                         The Trial Court's Comments

¶ 30     Defendant contends that the trial court's comments were improper and prejudicial to defendant.

¶ 31     First, although defendant failed to object to the trial court's comments during trial, we find that under the *Sprinkle* doctrine (*People v. Sprinkle*, 27 Ill. 2d 398, 401 (1963)), we may review the issue. Ordinarily, a party that fails to object during trial forfeits review of that issue on appeal. *People v. McNeal*, 405 Ill. App. 3d 647, 660 (2010). But the *Sprinkle* doctrine holds that a reviewing court may relax the forfeiture rule if a trial court overstepped its authority in the presence of the jury. *People v. Thompson*, 238 Ill. 2d 598, 612 (2010). Here, we relax the forfeiture rule because, as explained below, we find the trial court overstepped its authority.

¶ 32     Defendants are guaranteed the right to fair and impartial jury trials—trials free from trial courts' improper and prejudicial comments, intimidation, or influence. *People v. Mitchell*, 228 Ill. App. 3d 167, 169 (1992); *People v. Heidorn*, 114 Ill. App. 3d 933, 936 (1983). "Rarely, if ever, is a judge called upon to comment on the evidence during trial except where necessary in

ruling upon its admissibility and under no circumstances should he express an opinion as to its veracity *** ." *People v. Tyner*, 30 Ill. 2d 101, 104 (1964). The trial court must avoid influencing jurors, remain impartial, and not display prejudice or favor toward any party. *People v. Eckert*, 194 Ill. App. 3d 667, 674 (1990). "Jurors are ever watchful of the attitude of the trial judge and his influence upon them is necessarily and properly of great weight, thus his lightest word or intimation is received with deference and may prove controlling." *People v. Wiggins*, 2015 IL App (1st) 133033, ¶ 46 (quoting *People v. Marino*, 414 Ill. 445, 450-51 (1953)). We will not disturb a jury verdict unless the court's comments constitute a material factor in the conviction or unless prejudice to defendant appears to be their likely result. *People v. Walker*, 228 Ill. App. 3d 76, 83 (1992).

¶ 33     The trial court made the following comments about defense counsel's cross-examination of Officer Hayden: "unless you have evidence that this officer testified differently *** do not imply that to the jury. If you are going to impeach her on a prior statement, you can. But if there is no evidence of that, please don't insinuate *** she is testifying differently today." The trial court further stated as follows: "she has testified previously at a preliminary hearing, so if there are inconsistencies, you can certainly impeach her. If not, please do not indicate in any way that she is." According to defendant, these comments suggested to the jury that Officer Hayden testified consistently at a prior hearing, and thus they were improper prior-consistent statements that bolstered Officer Hayden's testimony.

¶ 34     We find that prejudice to defendant appears to be the likely result of the trial court's comments. The trial court stated that Officer Hayden testified at a prior hearing and directed defense counsel not to imply that she was testifying differently unless counsel had evidence. We note that the trial court did not state that the witness testified consistently at a prior hearing;

nevertheless, from the court's comments, the jury, "ever watchful of the attitude of the trial judge," was likely to conclude that Officer Hayden testified consistently. See *Wiggins*, 2015 IL App (1st) 133033, ¶ 46. Additionally, witnesses generally may not be rehabilitated by admitting prior statements consistent with their testimony. *People v. Matthews*, 2012 IL App (1st) 102540, ¶ 24. Therefore, these comments were inadmissible prior-consistent statements which likely prejudiced defendant, and the trial court erred by making them. See *Walker*, 228 Ill. App. 3d at 83.

¶ 35                              Prosecutor's Closing Remarks

¶ 36     Finally, defendant argues that during closing arguments the prosecutor engaged in misconduct which prejudiced defendant. Specifically, defendant argues that the prosecutor made arguments, unsupported by evidence, that defendant "had violently stolen the car while armed with a gun and was a drug addict who had done so in order to more easily purchase drugs."

¶ 37     Whether a prosecutor's arguments warrant a new trial is a matter of law that courts review *de novo*. *People v. Graham*, 206 Ill. 2d 465, 747 (2003). Prosecutors are afforded wide latitude in closing argument. *People v. Cisewski*, 118 Ill. 2d 163, 175 (1987). A prosecutor may argue facts and reasonable inferences drawn from the evidence, even if these inferences are unfavorable to the defendant. *People v. Anderson*, 407 Ill. App. 3d 662, 667 (2011). A prosecutor commits misconduct by misstating the evidence or misleading the jury as to what inferences it may draw. *People v. Wilson*, 92 Ill. App. 3d 370, 383 (1981). Closing arguments must be reviewed in their entirety, and the challenged remarks must be viewed in context. *People v. Macri*, 185 Ill. 2d 1, 62 (1998). A prosecutor's comments will result in reversible error only if they substantially prejudice a defendant, and it is impossible to determine whether the jury found against defendant because of the comments or because of the evidence. *People v. Caffey,* 205 Ill.

2d 52, 131 (2001).

¶ 38    Defendant challenges several of the prosecutor's remarks. First, defendant challenges the prosecutor's remark in which the prosecutor claimed that defendant "doesn't know how that vehicle was stolen. He doesn't know if there were men with guns and masks that stole the car." The prosecutor further claimed that "[w]hat he does know is he doesn't want to be the one that is blamed for being the guy in the ski mask if there was a guy in a ski mask with a gun." Next, defendant challenges the following statement, in which the prosecutor explains why defendant's alleged statement is credible: "Like any good confession *** he added details. He added details that wouldn't hurt him, that weren't crimes but maybe reflected poorly upon him and made it look like he was being honest." The prosecutor further explained: "Not only did he say I didn't steal the vehicle *** but he also talked about his friend and the buying of crack. There is no crime in dropping someone off to buy crack. It looks bad for you. *** The police officer might think you are telling the truth." Finally, defendant challenges the prosecutor's remark, cut off by defendant's objection, that "[t]o take that car that you knew was stolen because it would make it a little bit easier to go to your crack dealer is—".

¶ 39    We find the prosecutor's arguments substantially prejudiced defendant and leave it impossible to determine whether the jury convicted defendant because of these arguments or because of the evidence. See *Caffey,* 205 Ill. 2d at 131; *Wilson*, 92 Ill. App. 3d at 383. Read in context of the prosecutor's closing arguments, we find that these comments misled the jury to infer that defendant violently stole the vehicle to purchase crack cocaine more easily. See *Macri*, 185 Ill. 2d at 62; *Caffey*, 205 Ill. 2d at 131. These inferences, moreover, were not based on evidence—there was no evidence that defendant stole the vehicle or that he was purchasing crack cocaine for himself.

¶ 40    The State argues that these defects were cured by the trial court's sustained objections to the prosecutor's remarks and the court's instructions to the jury that it should disregard any arguments not based on evidence. The trial court did sustain defense counsel's objection after the prosecutor argued that "[w]hat he does know is he doesn't want to be the one that is blamed for being the guy in the ski mask if there was a guy in a ski mask with a gun." Despite this objection, the prosecutor persisted with his improper line of argument, and "[s]uch persistence eliminates the salutary effect of the court's ruling in sustaining objections to the argument." *People v. Williams*, 333 Ill. App. 3d 204, 213 (2002) (quoting *People v. Weinstein*, 35 Ill. 2d 467, 471 (1966)).

¶ 41    Moreover, as to the court's jury instructions, we have explained as follows: "[i]nstructing the jury that arguments are not evidence will not, in every instance, cure the defect caused by introduction of such evidence. Whether the remarks and/or evidence constitute error depends, in each case, on the nature and extent of the statements and whether they are probative of defendant's guilt." *Id.* at 214 (quoting *People v. Blue*, 189 Ill. 2d 99, 132 (2000)). Painting defendant as a criminal who violently stole a vehicle to purchase crack cocaine, these arguments were not probative of whether defendant was guilty of possession of a stolen vehicle. See *id.*; *People v. Campbell*, 2012 IL App (1st) 101249, ¶ 26. This line of argument, furthermore, pervaded the prosecutor's closing arguments. See *Williams*, 333 Ill. App. 3d at 214 (quoting *Blue*, 189 Ill. 2d at 132. Thus, the trial court's sustained objections and jury instructions were insufficient to cure the prosecutor's improper arguments.

¶ 42                              The Cumulative Impact of Errors

¶ 43    Each of the following amounted to reversible error: (1) the allowance of defendant's other-crime evidence; (2) the comments, in the presence of the jury, on defense counsel's cross-

examination of Officer Hayden; and (3) the prosecutor's arguments, which were not based on evidence and led the jury to infer that defendant violently stole a vehicle to purchase crack cocaine more easily. Even if any of the above were not reversible error, the cumulative impact of these errors prejudiced defendant and denied him a fair trial. See *People v. Bunning*, 298 Ill. App. 3d 725, 732 (1998). Therefore, the cumulative impact of these errors requires a new trial. See *id.*

¶ 44                                    CONCLUSION

¶ 45    For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the matter is remanded for a new trial.

¶ 46    Reversed and remanded.