THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWIN GARCIA, Defendant-Appellant.

First District (2nd Division)   No. 87—0109

Opinion filed April 26, 1988.—Rehearing denied May 24, 1988.

Frederick F. Cohn, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Christine C. Perille, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Edwin Garcia, was tried by a jury and convicted of murder. He was sentenced to the Illinois Department of Corrections for a period of 30 years.

On July 4, 1984, defendant, a 41-year-old, self-employed auto mechanic, was visiting a friend at 1713 North Kedzie, Chicago, Illinois. A group of four or five teenagers, including Raphael Figuera, age 16, was sitting on the front stairs of the building. Raphael testified that as defendant went down the stairs, "[h]e like tapped me on my leg and I told him why did he step on my leg *** and he went down the stairs and he ignored me." Defendant's brother, Israel Hernandez, who was next door at 1711 North Kedzie, ran over to 1713, grabbed Raphael and started arguing with him. Defendant hit Raphael while his brother held him. Raphael broke loose, went home, and returned

with a broken baseball bat. Raphael's mother followed him and tried to get him to come back into the house. Before she could grab the bat from the hands of her son, Raphael hit Israel's leg with the bat. Dolores Martinez, Raphael's mother, testified that the bat used by her son was 18 to 20 inches long. She thought her son hit defendant with the bat, but could not tell for sure.

Defendant's car was parked at the curb. He went inside his car, took out a gun, and pointed it at Raphael. Raphael ran about three houses down, hid behind a van and yelled that defendant had a gun.

At this point Ruben Torres, a 30-year-old neighbor of Raphael, was coming on the scene. Raphael heard two shots. Because he was hiding behind the van, he could not see who fired the shots he heard. Later, he saw his neighbor, Ruben Torres, on the ground next to defendant's car.

Israel testified that he observed a disturbance between the defendant, his brother, and Ruben Torres, the victim. While Israel tried to break up the disturbance, Torres hit him and he fell to the ground. He saw Raphael and another person on top of his brother. Then he heard shots.

Defendant testified that he was grabbed and beaten by three people while he was beside his car. First Torres, the victim, struck defendant's brother, Israel. Then Torres frisked and hit defendant. While falling back on his car, defendant reached for his revolver and shot Torres. Torres died as a result of the shooting.

I

■ Defendant contends that the trial court committed reversible error when it refused to read IPI Criminal 2d No. 4.05 to the jury. (Illinois Pattern Jury Instructions, Criminal, No. 4.05 (2d ed. 1981).) That instruction would have advised the jury that a person is permitted to use force that is likely to cause death, not only if he believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, *but also if it is necessary to prevent the commission of a forcible felony.* Ill. Rev. Stat. 1985, ch. 38, par. 7—1.

If there is the slightest amount of evidence in the record to justify an underlying theory, the instruction must be given. (*People v. Pietryzk* (1987), 153 Ill. App. 3d 428, 436, 505 N.E.2d 1228, *appeal denied* (1987), 115 Ill. 2d 547; *People v. Sykes* (1977), 45 Ill. App. 3d 674, 678, 359 N.E.2d 897.) The underlying theory asserted here is justification to prevent a forcible felony. The definition of a forcible felony includes aggravated battery. (Ill. Rev. Stat. 1985, ch. 38, par. 2—

8.) Any battery is an aggravated battery if the person who committed the battery:

> "Is, or the person battered, is, on or about a public way, public property or public place of accommodation or amusement." Ill. Rev. Stat. 1985, ch. 38, par. 12—4(8).

There is evidence in the record that defendant was on a public way when he was allegedly battered by Torres. Likewise, there is evidence that the victim, Torres, was also on or about a public way when he committed the alleged battery on defendant. Therefore, any alleged battery is an aggravated battery as defined in section 12—4(8).

Failure to give this instruction, when tendered by the defendant, deprived the defendant of a defense that existed under the law. This resulting denial of due process requires that defendant be granted a new trial.

## II

Since this case is being remanded for a new trial, we will consider defendant's argument regarding other alleged erroneous instructions in order that the court and parties may be apprised of our views for retrial.

## A

Defendant claims that the jury was not properly instructed since the murder instruction they received did not include the fourth proposition from the 1968 edition of the Illinois Pattern Jury Instructions. The jury was instructed using the current 1981 edition of the Illinois Pattern Jury Instructions.

The general rule is that the burden of preparing jury instructions is on the parties, and a party may not raise on appeal the failure to give an instruction unless he shall have tendered it. (*People v. Underwood* (1978), 72 Ill. 2d 124, 129, 378 N.E.2d 513.) In addition, failure to make an objection at trial to an error in the jury instructions waives this issue on review. *People v. Chapman* (1981), 94 Ill. App. 3d 602, 607, 418 N.E.2d 995, *appeal denied* (1981), 85 Ill. 2d 568.

In the present case, defense counsel did not raise any objection to the State's instruction which illustrated the elements the State must prove in order to sustain the crime of murder. In addition, defense counsel failed to tender any other instruction for murder at that time. We presume this oversight will not recur on retrial.

B

■ Defendant also claims that the court erred in failing to instruct the jury *sua sponte* on voluntary manslaughter based on provocation. Defendant contends that although the instruction was not tendered by defendant's counsel, the trial judge should have presented the jury with the instruction on his own accord.

Under the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 9—2(a), (b)) there are two distinct types of voluntary manslaughter: section 9—2(a), serious provocation; and section 9—2(b), unreasonable self-defense. Section 9—2(a) has been interpreted to mean that the offense is not murder but manslaughter where there has been mutual combat. *People v. Leonard* (1980), 83 Ill. 2d 411, 422-23, 415 N.E.2d 358.

In *People v. Nelson* (1985), 130 Ill. App. 3d 304, 474 N.E.2d 23, counsel tendered the provocation and the "not unreasonable belief of justification" instruction. The appellate court found that counsel's actions could have been part of the defense strategy and that he may have refrained from tendering both voluntary manslaughter instructions for fear of confusing the jury and having them disregard both instructions.

The court is obligated to use restraint in giving instructions *sua sponte* so as not to interfere with or frustrate defense strategy. (*People v. Requena* (1982), 105 Ill. App. 3d 831, 837, 435 N.E.2d 125, *cert. denied* (1983), 459 U.S. 1204, 75 L. Ed. 2d 436, 103 S. Ct. 1191.) Interference with defense strategy may itself constitute error. (*People v. Precup* (1978), 73 Ill. 2d 7, 17, 382 N.E.2d 227.) Therefore, since the decision not to tender both voluntary manslaughter instructions is considered a defense tactic, the court was not obligated to instruct the jury *sua sponte*.

III

■ The defendant contends that he was denied a fair trial and effective assistance of counsel due to the comments of the judge and prosecutor which inferred that his own counsel was acting inappropriately.

In order for the comments by a judge to constitute reversible error, the defendant must show that the remarks were prejudicial and that he was harmed by them. (*People v. Heidorn* (1983), 114 Ill. App. 3d 933, 937, 449 N.E.2d 568, *appeal denied* (1983), 96 Ill. 2d 545; *People v. Nurse* (1975), 34 Ill. App. 3d 42, 47, 339 N.E.2d 328.) A judge in his ruling may express an opinion as to the party's position and the context of such remark is not necessarily prejudicial to the

defendant. (*People v. Merz* (1984), 122 Ill. App. 3d 972, 980, 461 N.E.2d 1380.) Further, counsel may be properly admonished by the trial court without resulting in prejudice to defendant. *People v. Brown* (1980), 87 Ill. App. 3d 368, 371, 409 N.E.2d 81.

The reviewing court does not need to determine whether the record in a criminal case is perfect, but has to ensure that the defendant had a trial free from substantial and prejudicial errors, and determine whether there was sufficient evidence to support a conviction. *People v. Conrad* (1967), 81 Ill. App. 2d 34, 54, 225 N.E.2d 713, *aff'd* (1968), 41 Ill. 2d 13, 241 N.E.2d 423.

Upon thorough review of the record, we find that defendant has received a fair trial and any comments made did not rise to the level of prejudicial error.

IV

Defendant's argument of inadequate representation by his trial counsel is without merit. On this point, it is sufficient comment for us to remind the defendant that it was the competent, professional conduct of his trial counsel that provides him with the benefit of a new trial.

V

■ Finally, we believe that the evidence at trial was sufficient for the trier of fact to conclude that defendant was guilty beyond a reasonable doubt. This does not mean we are making a finding as to defendant's guilt or innocence which would be binding on retrial, but rather our consideration of the sufficiency of the evidence admitted at trial will remove the risk of subjecting defendant to double jeopardy. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366.

We also find that the 30-year sentence imposed is within the statutory parameters for murder and not excessive. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1 *et seq.*

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded.

HARTMAN, P.J., and SCARIANO, J., concur.