THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN C. SCOTT, Defendant-Appellant.

Second District No. 2—88—0434

Opinion filed December 27, 1989.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and

Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Steven Scott, was indicted on two counts of aggravated criminal sexual assault in violation of section 12—14 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—14) and one count of aggravated criminal sexual abuse in violation of section 12—16 (Ill. Rev. Stat. 1985, ch. 38, par. 12—16). These charges arose from the defendant's alleged sexual contact with two boys under the age of nine. Count I, which was severed from the other two and eventually nol-prossed by the State, is not at issue on appeal. The defendant was tried before a jury on counts II and III and was convicted of both counts. The defendant's motion for a new trial, grounded in issues not relevant here, was denied by the trial court. The defendant now appeals based on the existence in the record of two ambiguous notes that suggest the existence of communications between the judge and the jury while the jury was deliberating. The defendant asks us to remand the cause to the trial court to determine the origin of these notes. The defendant also asks us to order a new trial if it is determined that the notes represent private communications between the judge and the jury.

We will recite only those facts necessary to resolve this appeal. Between March and May 1986, the victim, a four-year-old boy, lived with his family in an apartment they rented from the defendant's parents. The defendant lived next door to the victim's family. The two families had a friendly relationship, and occasionally the defendant would baby-sit for the victim while the victim's mother would run errands. The charges at issue here stem from alleged sexual contact between the defendant and the victim, sometime between March and May 1986, on a day when the two were alone. Count II alleged that the defendant knowingly touched the penis of the victim for the purpose of his own sexual gratification. Count III alleged that the defendant placed his penis on the victim's penis. The victim testified to these events in court.

The victim's mother also testified that on March 10, 1987, the victim told her about the sexual contact with the defendant. According to the mother, the victim told her that the defendant attempted to put his penis in the child's anus and that he ejaculated on the child's stomach. The mother's testimony does not reflect penis-to-penis contact between the defendant and the victim. Officer Michael Beth of

the Elgin police department testified that on March 11, 1987, the victim's mother brought her child to the police station. The victim told Officer Beth that the defendant had touched the victim's penis, attempted to put his penis in the victim's anus, and ejaculated on the victim's stomach. Officer Beth testified that the victim also demonstrated these events through the use of anatomically correct dolls. Officer Beth's testimony does not indicate that the victim told him of any penis-to-penis contact with the defendant.

Officer Beth also testified that he and a fellow officer spoke with the defendant at the police station on March 26, 1987. The defendant was not in custody, but the officers read him his *Miranda* rights before they began to question him. Officer Beth informed the defendant that he was a suspect in a sexual abuse case. The defendant indicated that about one year earlier he and the victim had, in fact, touched each other's penises. Officer Beth's testimony did not reveal that the defendant told him at this time that the previous sexual contact with the victim had been penis to penis. Officer Beth further testified that he spoke with the defendant a second time on March 28, 1987, at the Elgin police station. Again, the defendant was not in custody, but Officer Beth advised him of his *Miranda* rights. Officer Beth testified that, in this second interview, the defendant admitted that he had rubbed his penis on the victim's buttocks, stomach and penis.

On cross-examination, Officer Beth testified that when he reviewed the notes he had taken in the March 28, 1987, interview with the defendant he encountered some difficulty reading them. At some point thereafter, Officer Beth called the defendant on the telephone to clarify what had been said during the interview. The officer's police report did not indicate that this telephone call was made. Officer Beth said that, aside from what he read when reviewing his police report, he could not remember exactly what the defendant said during the March 28 interview. He indicated that the language in his report reflecting the defendant's admission of penis-to-penis contact could have been added after the telephone conversation, but he believed that he was told this by the defendant during both the interview and the telephone conversation.

On redirect examination, Officer Beth testified that, although he used his police report to refresh his memory, he also independently recalled what transpired in the March 28 interview of the defendant. He was not, he said, testifying solely on the basis of his written report. He did not believe that the defendant gave him any information in the telephone conversation that was not also given during the March 28 interview. On re-cross-examination, Officer Beth indicated that he

was testifying primarily on the basis of his written report.

The defendant testified on his own behalf, and he admitted that he touched his penis to the victim's stomach and buttocks and that he had fondled the victim's penis. He denied ever having penis-to-penis contact with the victim. He also denied that he ever told Officer Beth, either in person or during the later telephone conversation, that he had engaged in any penis-to-penis contact with the victim.

After it received instructions pertaining to aggravated criminal sexual assault and aggravated criminal sexual abuse, and also instructions regarding the lesser-included offense of battery, the jury retired to deliberate. The trial transcripts do not indicate that the jury submitted any questions to the trial court during the course of deliberations. The jury returned verdicts of guilty on the charges of aggravated criminal sexual assault and aggravated criminal sexual abuse, and it also returned two guilty verdicts on the lesser-included offense of battery.

After it entered judgment on the verdicts, the trial court denied the defendant's post-trial motion for a new trial. The grounds for that motion are not at issue on appeal. After vacating the defendant's convictions of the lesser-included battery offenses, the trial court imposed concurrent sentences of eight years' imprisonment for the offense of aggravated criminal sexual assault and five years' imprisonment for the offense of aggravated criminal sexual abuse.

The focus of this appeal is on two handwritten notes that appear in the record. Neither the origin of these notes nor their presence in the record is anywhere explained. The notes are uncaptioned, but they appear to reflect a question and answer form. One note reads:

> "[Question]: Did Detective Beth say in any of the three or four times he talked to the defendent [sic], that the defendent [sic] said there was penis to penis contact or did he say that he could not remember if the defendent [sic] said there way [sic] penis to penis contact [.]
>
> [Answer]: The jury will use their [sic] collective memories to recall the evidence."

The second note reads:

> "[Question]: The jury would like clarification of the legal basis for a finding of guilt of battery only under the charge of aggravated criminal sexual assault.
>
> [Answer]: Please reread the instructions re both offenses + the instructions on the last page which commences [sic] with the words 'when you retire.[']"

On appeal, the defendant asserts that the notes in the record indi-

cate only that two written questions were asked and that they received two responses. According to the defendant, the author of the questions is not identified as the jury and the trial court is not identified as the author of the responses. More important, the defendant contends, even if the trial court did author the answers to the jury's questions, neither the notes nor the trial transcript indicates that counsel for either party was ever made aware of the fact that such questions were posed. The defendant seeks a remand to the trial court for a hearing on these matters, and he also asks us to instruct the trial court to order a new trial if it concludes that private communications between the judge and the jury did occur. The State, on the other hand, argues that it is the defendant's responsibility to ensure that the record on appeal is complete and sufficient to permit the reviewing court to determine what errors occurred at trial. We agree.

■ Defendant, as the party appealing and asserting error, has the responsibility for preserving and presenting a sufficient record of the asserted error. (*People v. Smith* (1985), 106 Ill. 2d 327.) All defendant has provided us relevant to the assertion of error that the two handwritten notes constituted *ex parte* communication with the jury are the two handwritten notes as contained in the common-law record. The common-law record does not disclose whether or not defendant and his counsel were present when the notes were presented and answered by the trial judge. What occurred during this part of the proceeding is essential to a determination of the issue raised by defendant.

■ ■ A report of proceedings may be by a verbatim transcript. (107 Ill. 2d R. 323(b).) If a verbatim transcript is not available, a party may submit in its stead a proposed report of proceedings (107 Ill. 2d R. 323(c)) or an agreed statement of facts. (107 Ill. 2d R. 323(d); *Smith*, 106 Ill. 2d at 334.) Defendant has not followed the applicable supreme court rule in presenting a proper record for us to review the error now claimed on appeal. Although the omission in the record in this regard was apparently not discovered until after the appeal was filed in this court, Supreme Court Rule 329 (107 Ill. 2d R. 329) is designed to provide for amendment of the record on appeal. (See *People v. Partee* (1988), 125 Ill. 2d 24, 41.) Defendant did not avail himself of the procedure afforded by this rule. This court will not create a review procedure when a party has not complied with the applicable rules of our supreme court.

In our recent decision in *People v. Lowery* (1988), 177 Ill. App. 3d 639, the court examined the record before it and, although the issue involved had not been raised below, reviewed the issue under the

plain-error doctrine. (*Lowery*, 177 Ill. App. 3d at 643.) Upon review *of the record before it*, this court found no prejudice was caused to plaintiff, apparently assuming, *arguendo*, that defendant and his counsel were not aware of the jury's inquiries to the trial judge. (*Lowery*, 177 Ill. App. 3d at 643-45.) In *Lowery*, the record before the court was sufficient to decide the merits of the issue, thus avoiding possible further litigation of the issue under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) or by a proceeding pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401).

■ On the record provided us, defendant has not shown that he and his counsel were not present when the two notes from the jury were received and answered by the trial judge. Where the record does not demonstrate the alleged error, a reviewing court must refrain from supposition and decide accordingly. (*People v. Edwards* (1978), 74 Ill. 2d 1, 7.) Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. See *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

REINHARD and INGLIS, JJ., concur.