THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN SOLIS, Defendant-Appellant.

First District (4th Division)   No. 1—89—0758

Opinion filed June 13, 1991.

Arthur E. Engelland, of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Marie Quinlivan Czech, Special Assistant State's Attorney, and Renee Goldfarb and Judith Hannah, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial, Martin Solis, defendant, was found guilty of attempted murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—4) and aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4). The trial court found that the offense of aggravated battery merged into the attempted murder conviction. Defendant was sentenced to a term of six years in the Illinois Department of Corrections.

The following issues are before this court for review: (1) whether the People proved beyond a reasonable doubt that defendant had the requisite intent to kill; (2) whether the trial court erred when it refused to instruct the jury on the lesser offense of reckless conduct; (3) whether the jury was correctly instructed on the offense of attempted murder; and (4) whether the verdicts finding defendant guilty of both attempted murder and aggravated battery are legally inconsistent.

We affirm.

Michael Lavin was the victim of a stabbing. Lavin is 6 feet in height, and he weighed over 200 pounds. He arrived in Chicago, Illinois, on June 25, 1988, with three friends. The group traveled to Chicago in order to view a Chicago Cubs baseball game at Wrigley Field on that same day. After the game, Lavin's friends wanted to remain in the vicinity of Wrigley Field, but he decided to return to his room at the Days Inn Hotel.

Lavin boarded the southbound elevated train near Wrigley Field. He found a seat at the rear of one of the passenger cars. Dr. Bruce Naughton, a faculty member of the Northwestern University Medical School, and his companion, Alice Joseph, and defendant and his companion, Dawn Hard, occupied the same passenger car. Dr. Naughton and Ms. Joseph were standing near the doors at the rear of the car, and defendant and his companion were standing opposite Dr. Naughton and Ms. Joseph. Defendant is 5 feet 5 inches in height and weighed 150 pounds.

As the train proceeded south, defendant removed a cigarette from his belongings. He then asked another passenger for a match to light his cigarette. Lavin immediately asked defendant not to smoke on the train. Defendant ignored Lavin, lit his cigarette, and moved back to where he had been standing. Then, Dr. Naughton asked defendant to stop smoking. Defendant responded by blowing smoke in Dr. Naughton's face. Lavin then told defendant that he was not supposed to smoke on the train, and he asked defendant to stop smoking. Defendant continued to smoke and Lavin asked him again to stop smoking.

Lavin then took the cigarette from defendant's mouth, extinguished it, and attempted to return it to defendant. Defendant responded by removing a knife from his back pocket and stabbing Lavin in the abdomen.

After the victim was stabbed, Ms. Hard attempted to kick the victim in the groin. Ms. Joseph blocked the kick with her hand and said, "It's not worth it." Ms. Hard then threatened Ms. Joseph and attempted to hit her. Ms. Joseph was able to block the blows with her arm and another couple attempted to restrain Ms. Hard. At this point, the train stopped at the Clark and Division Streets station. Defendant, Ms. Hard, Dr. Naughton, and Ms. Joseph all exited the train. The victim exited the train at the next stop.

After the group exited the train, Dr. Naughton chased defendant. Ms. Hard, who was still with defendant, turned toward Dr. Naughton and asked him if he wanted to fight. Dr. Naughton stepped around Ms. Hard and continued to follow defendant. Dr. Naughton then saw defendant throw the knife, which he had used to stab the victim, over a fence near the Jewel Food Store parking lot.

Meanwhile, Ms. Hard confronted Ms. Joseph. Ms. Joseph pushed Ms. Hard away and ran across the street to a police car. Ms. Joseph told the police that the man running down the street had just stabbed someone on the train. The police caught the defendant near La Salle Street. Ms. Joseph then proceeded to tell the police about the incident. Other witnesses to the stabbing also spoke to the police.

After the police apprehended defendant, they took him to the Chicago Avenue train stop, where the victim had exited the train. Lavin, who was in an ambulance, identified defendant as the man who stabbed him. The victim was then taken to Northwestern Memorial Hospital, where he underwent surgery and treatment for a punctured colon. He remained in the hospital for 13 days.

The grand jury indicted defendant for attempted murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—4), aggravated battery (Ill. Rev. Stat. 1987,

ch. 38, par. 12—4), and armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2). At the conclusion of the State's case, defendant moved for a directed verdict. The court denied defendant's motion.

After all of the evidence was presented, the parties held a conference on jury instructions. During this conference, defendant objected to the proposed instructions on attempted murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—4), because they were not consistent with the evidence. The trial court also refused defendant's proposed instructions on the lesser included offense of reckless conduct (Ill. Rev. Stat. 1987, ch. 38, par. 12—5).

The jury was instructed that defendant could be found guilty of attempted murder if he had the "intent to commit the offense of murder," and if he "[committed] any act which constituted a substantial step toward the commission of the offense of murder." The court also instructed the jury that "[t]he offense need not have been committed." The court further instructed the jury that "a person commits the offense of murder when he *** intends to kill or do great bodily harm to that individual."

The jury found defendant guilty of attempted murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—4) and aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4). He was sentenced to six years in the Illinois Department of Corrections.

First, defendant maintains that his conviction for attempted murder should be reversed because the People failed to prove beyond a reasonable doubt that he intended to kill the victim.

The People maintain that defendant's attempted murder conviction should be upheld because the State proved beyond a reasonable doubt that defendant had the requisite intent to kill and because he stabbed the victim with a deadly weapon.

■ The questions raised by defendant on appeal involve the sufficiency of the evidence and questions of witness credibility. The United States Supreme Court has ruled that the scope of review of a trial court's findings of fact is limited to an inquiry of "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Schorle* (1990), 206 Ill. App. 3d 748, 759.

Furthermore, "all evidence is to be considered in the light most favorable to the prosecution upon judicial review." *Schorle*, 206 Ill. App. 3d at 759; *Jackson*, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789.

■ We have also ruled that "it is entirely within the province of the fact finder to determine the credibility of witnesses, the amount of weight to accord their testimony, and the appropriate inferences to be drawn therefrom." (*People v. Schorle* (1990), 206 Ill. App. 3d 748, 758.) A court of review may not reverse a guilty verdict unless it is "inconclusive, improbable, unconvincing, or contrary to human experience." *Schorle*, 206 Ill. App. 3d at 758.

■ A defendant must be shown to have possessed the criminal intent to kill in order to be found guilty of attempted murder. (*People v. Harris* (1978), 72 Ill. 2d 16, 27.) However, under certain circumstances, a finder of fact may presume that a defendant had the requisite intent to kill. (*People v. Koshiol* (1970), 45 Ill. 2d 573, 579; *People v. Coolidge* (1963), 26 Ill. 2d 533, 537.) "[E]very sane man is presumed to intend all [of] the natural and probable consequences flowing from his own deliberate act, *** if one wilfully does an act the direct and natural tendency of which is to destroy another's life, the natural and irresistible conclusion *** is that the destruction of such other person's life was *intended*." (Emphasis added.) (*Coolidge*, 26 Ill. 2d at 537.) Furthermore, a defendant's specific intent may be inferred from the nature of the assault and the circumstances surrounding the act. *Koshiol*, 45 Ill. 2d at 579.

■ We affirm the trial court's determination. After considering the evidence in the light most favorable to the prosecution, we believe that the fact finder could have found the essential elements of attempted murder beyond a reasonable doubt. See *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Collins* (1985), 106 Ill. 2d 237, 261; *People v. Schorle* (1990), 206 Ill. App. 3d 748, 758.

The nature of defendant's act and the surrounding circumstances provide sufficient evidence of defendant's intent and guilt. Defendant is presumed to intend all of the natural and probable consequences of stabbing the victim, the natural tendency of which was to shorten the victim's life. In addition, defendant did not act under circumstances which presented a serious apparent danger to his well being. The record shows that defendant stabbed the victim in response to relatively minor provocation: The victim merely extinguished defendant's cigarette and handed the extinguished cigarette back to the defendant. The victim did not threaten defendant. After considering the circumstances which surrounded this incident, and the nature of defendant's act, we find that the jury's verdict was not inconclusive, improbable, unconvincing, or contrary to human experience.

Accordingly, we rule that the jury could have found beyond a reasonable doubt that defendant was guilty of attempted murder.

Next, defendant contends that the trial court erred when it refused to instruct the jury on the lesser offense of reckless conduct (Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a)), thereby depriving defendant of his theory of the case. Defendant claims that his conduct was reckless, and not intentional, because he was so afraid of the victim, who was a larger man, that he overreacted to the victim's removal of the cigarette from his mouth by stabbing the victim.

The People maintain that the trial court properly refused to instruct the jury on the lesser included offense of reckless conduct where the instruction had no basis in the evidence.

The Criminal Code of 1961 defines "reckless conduct" in the following manner:

> "§12—5. Reckless Conduct. (a) A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a).

■■ The offense of reckless conduct may be a lesser included offense of aggravated battery. (*People v. Perry* (1974), 19 Ill. App. 3d 254, 257.) A defendant is entitled to an instruction consistent with the theory of his case if there is evidence to support that theory. (*People v. Garcia* (1988), 169 Ill. App. 3d 618, 620; *Perry*, 19 Ill. App. 3d at 257-58.) When ascertaining whether or not a defendant's actions were reckless or intentional, courts look to the manner in which the defendant used the weapon and the severity of the victim's injuries. *People v. Foster* (1987), 119 Ill. 2d 69, 88.

■■ We find that the trial court properly refused to instruct the jury on the crime of reckless conduct (Ill. Rev. Stat. 1987, ch. 38, par. 12—5), because the record shows that defendant's action was intentional and not reckless. Therefore, there is no evidence consistent with defendant's theory of the case. Moreover, defendant's proximity to the victim, coupled with the manner in which he used the knife and the seriousness of the victim's injury, proves that defendant acted intentionally. Therefore, we rule that the instruction was properly denied.

Third, defendant alleges that his conviction for attempted murder must be reversed because the jury was incorrectly instructed that defendant could be found guilty of attempted murder if he merely intended to inflict great bodily harm upon the victim.

The People maintain that defendant's attempted murder conviction should be upheld because defendant has waived appellate review of this issue by failing to properly object to the instructions at trial or to raise the issue in his post-trial motion. Furthermore, the People maintain that any error that the trial court may have committed constituted harmless error in light of the overwhelming evidence of defendant's guilt.

■ It is well settled that the specific intent to kill is an essential element of attempted murder. (*People v. Harris* (1978), 72 Ill. 2d 16.) However, a party must specifically object to improper jury instructions with respect to this element in a timely manner. "[T]he failure to object at trial to an asserted error in jury instructions waives the question." (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180.) Objections at trial on specific grounds waive all other grounds for objection. *People v. Jones* (1975), 60 Ill. 2d 300, 307.

■ Similarly, "issues not raised in a post-trial motion are effectively waived for appellate review." (*Tannenbaum*, 82 Ill. 2d at 181.) A limited exception to this rule is available to correct a grave instructional error, or where the facts are close and fundamental fairness mandates that the jury be properly instructed. 134 Ill. 2d R. 451(c); *Tannenbaum*, 82 Ill. 2d at 182.

■ Under certain circumstances, an erroneous jury instruction constitutes harmless error. An error is harmless and does not warrant reversal where evidence of the defendant's guilt is overwhelming and where the defendant would not be legally entitled to prevail even if the error had not been committed. (Black's Law Dictionary 487 (5th ed. 1979).) "[A]n erroneous intent instruction does not warrant reversal where intent to kill is evident from the circumstances." *People v. Bryant* (1984), 123 Ill. App. 3d 266, 274.

■ Defendant finds fault with the inclusion of the phrase "or do great bodily harm" within the definition of murder given to the jury. However, we find that defendant waived his right to object to this phrase within the definition of murder given to the jury. At trial, defendant objected to the instruction on the ground that the instruction was not consistent with the evidence, not on the ground of the language of the instruction.

■ In addition, defendant failed to properly raise the issue of the improper instruction in his post-trial motion. While a limited exception to the waiver rule does exist, it should be used only to correct grave errors, or where the facts of the case are so close that fundamental fairness mandates that the jury be properly instructed. This exception does not apply to the case at bar. In the instant case, the

evidence is not factually close. The record clearly establishes that defendant stabbed the victim with a knife without warning. Furthermore, the error is not sufficiently grave as to warrant another trial. Since defendant failed to object to the instruction on the ground of its language, and defendant failed to raise the issue in his post-trial motion, he has waived his right to review of the jury instruction on appeal.

In addition, we find that the court's inclusion of the subject language in the jury instruction constituted harmless error. The court's error was harmless because defendant, in light of the overwhelming evidence against him, would not have been entitled to prevail even if the jury had been properly instructed.

Accordingly, we rule that defendant's attempted murder conviction should be upheld since he waived appellate review of the issue of jury instructions because he failed to properly object to the instructions at trial and to raise the issue in his post-trial motion. Furthermore, we find that any error that the trial court committed constitutes harmless error in light of the overwhelming evidence of defendant's guilt.

Finally, defendant alleges that the verdicts finding him guilty of both attempted murder and aggravated battery are legally inconsistent and, therefore, a new trial on both charges is required. Defendant asserts that the verdicts are legally inconsistent because he could not have intended both to kill and to do great bodily harm to the victim.

The People maintain that defendant is not entitled to a new trial because the verdicts finding defendant guilty of both attempted murder and aggravated battery are not legally inconsistent and that legal consistency is not required.

"Inconsistent verdicts occur when a verdict on one count is premised on the existence of an element of the offense and a verdict on another count is premised on the nonexistence of the same element." (*People v. Ortiz* (1987), 156 Ill. App. 3d 170, 176.) Moreover, it is permissible for juries to return inconsistent verdicts in criminal cases. *People v. Dawson* (1975), 60 Ill. 2d 278, 280-81, citing *United States v. Carbone* (2d Cir. 1967), 378 F.2d 420, 422-23.

We find that the verdicts in the instant case are not legally inconsistent because the requisite mental states for attempted murder and aggravated battery are not mutually exclusive. The intent element required to support a verdict of aggravated battery is that the act be committed intentionally or knowingly (Ill. Rev. Stat. 1987, ch. 38, par. 12—4), while the intent element required to support a ver-

dict of attempted murder is that the act be committed with the intent to kill (Ill. Rev. Stat. 1987, ch. 38, par. 8—4). It is not inconsistent for a jury to find that defendant inflicted a wound intentionally and knowingly while also intending to kill. Defendant's argument that he could not have intended both to kill and to do great bodily harm to the victim is erroneous. This argument is based upon the invalid presumption that death is not a form of bodily harm and that one may intend to kill another without intending to inflict bodily harm. Moreover, even if defendant's attempted murder conviction was legally inconsistent with his conviction for aggravated battery, this inconsistency would not require the reversal of defendant's conviction.

Finally, we find that defendant's reliance upon *People v. Coleman* (1985), 131 Ill. App. 3d 76, is misplaced. In *Coleman,* the court held that reversal was appropriate because the verdicts of guilty of attempted murder and reckless conduct were inconsistent. (*Coleman,* 131 Ill. App. 3d at 80.) We find that *Coleman* is distinguishable from the case at bar. While the verdicts in *Coleman* were inconsistent, we noted above that the verdicts in the instant case are not inconsistent because the requisite mental states are neither inconsistent nor mutually exclusive.

For the aforementioned reasons, we affirm the decision of the trial court. As part of our judgment, we grant the State's request that defendant be assessed $75 as costs and fees for this appeal, pursuant to *People v. Agnew* (1985), 105 Ill. 2d 275, and *People v. Nicholls* (1978), 71 Ill. 2d 166.

Affirmed.

LINN and McMORROW, JJ., concur.