THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM T. LEAHY, Defendant-Appellant.

Second District   No. 2—90—0843

Opinion filed June 11, 1992.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

Following a jury trial, the defendant, William T. Leahy, was convicted of second degree murder. (Ill. Rev. Stat. 1989, ch. 38, par. 9—2.) He was sentenced to nine years' imprisonment. On appeal, he argues that the court reversibly erred in refusing his jury instruction. We affirm.

At his trial, the defendant testified that sometime before 10 p.m. on September 8, 1989, he was returning to his Lisle home after a business meeting in Chicago. As he was driving on the leftmost lane of the Eisenhower Expressway, a car with its high beam headlights on approached him from behind, pulled up to within a couple of feet of his rear bumper and stayed there.

According to the defendant, as soon as traffic flow allowed, he started to move to the center lane to allow the car following him to pass. However, as he did so, the car moved into the center lane so that he needed to accelerate to complete the lane change. When the other car stayed right behind him, the defendant tapped his brakes lightly, attempting to stop the tailgating. The defendant testified that he made several subsequent lane changes but they did not enable him to "lose" the other car.

As the cars proceeded westward, the traffic thinned and the defendant considered the possibility that the other car would at-

tempt to force him off the road. He exited the expressway at Roosevelt Road because there were lights and activity there; he was hoping to encounter a police vehicle.

At the stoplight-controlled intersection of Roosevelt and Summit Roads, the defendant entered the left-turn lane; the light was red. The "chase car" was still behind him and had its bright lights on. In his rearview mirror the defendant noticed the man from the other car get out and walk toward him. The traffic light changed to green, and the defendant drove away.

After several more turns, the defendant still had not been able to get away from the pursuing car. At the intersection of Meyers and Butterfield Roads, the defendant pulled behind another car stopped in the left-turn lane. He looked in his rearview mirror and saw the man from the pursuing car walking toward him. The defendant felt like a "sitting duck." He picked up a hunting knife that was on his car floor and opened his door.

The defendant testified that as he was trying to exit his car, the other man punched him. The defendant was thrown off balance by a glancing blow to his head. The other man then fell onto the defendant's knife, and the defendant pushed him away, reentered his car, and drove off. As he was leaving he observed the other car also drive away.

Another motorist observed the Meyers Road altercation between the defendant and the man in the car behind the defendant's. He testified that as the man in the trailing car walked toward the lead car, the lead car's driver got out and met the other man. He observed the lead car driver punch the other man. A forensic pathologist who examined the victim on the evening of September 9 opined that the victim died of a stab wound.

The defendant's theory of the case is that he stabbed the victim with justification. In keeping with that theory, the jury was instructed, in part, as follows.

> "A person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm *** *or the commission of a forcible felony.*" (Emphasis added.) See Ill. Rev. Stat. 1989, ch. 38, par. 7—1.

A further instruction received by the jury provided that "[t]he term 'forcible felony' means aggravated battery." (See Ill. Rev. Stat. 1989, ch. 38, par. 2—8.) Additionally, the court defined the offense of "battery" and, further, instructed the jury that one commits ag-

gravated battery when "in committing a battery, [he] intentionally or knowingly causes great bodily harm." (See Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a).) That last instruction was a modification of the defendant's instruction defining aggravated battery. The full instruction offered by the defendant, but refused by the court, further provided that a person commits aggravated battery when he commits a battery "on or about a public way, public property, or public place of accommodation or amusement." See Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(8).

The jury returned a guilty verdict and the court entered its conviction. The defendant brought this appeal.

On appeal, the defendant argues that he was deprived of the full effect of his affirmative defense of justification by the court's denial of his instruction defining aggravated battery based on it occurring on a public way. He relies primarily on the decision in *People v. Garcia* (1988), 169 Ill. App. 3d 618.

In *Garcia*, the defendant argued that he had been deprived of his justification defense because the trial court had failed to instruct the jury that a person is justified in using deadly force "if it is necessary to prevent the commission of a forcible felony." (Emphasis omitted.) (*Garcia*, 169 Ill. App. 3d at 620.) He had asserted as a defense that he had been justified in his actions, because he was attempting to prevent the forcible felony of battery on a public way. 169 Ill. App. 3d at 620-21.

The *Garcia* court stated that the definition of a forcible felony includes aggravated battery and that any battery on a public way is an aggravated battery under section 12—4 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(8)). (*Garcia*, 169 Ill. App. 3d at 620-21.) The court also observed that the record included evidence that the battery was committed on a public way and that it therefore fit the category of aggravated battery. The court found that given the evidence of aggravated battery, without the instruction on the justification to use deadly force to prevent the commission of a forcible felony, the defendant had been deprived of a defense that existed under the law and reversed and remanded for a new trial. 169 Ill. App. 3d at 621.

■ The State argues, first, that the defendant may have waived his argument by failing to provide a record as to the trial court's reasoning underlying its rejection of his full instruction. The State relies on *People v. Scott* (1989), 192 Ill. App. 3d 594, where the court found that all doubts must be resolved in favor of the State

because the record failed to demonstrate the defendant's asserted error of an *ex parte* communication. 192 Ill. App. 3d at 599.

We find that *Scott* is inapposite here, where the record clearly demonstrates that the court rejected the defendant's instruction over the defendant's objection. The record fully enables our review of the defendant's appellate argument, and we find no waiver.

In response to the merits of the defendant's argument, the State first asserts that this case is distinct from *Garcia*, because here the court instructed the jury that deadly force could be justified to prevent the commission of a forcible felony. It further asserts that the fact that the encounter here occurred on a public way had no impact on whether the defendant feared for his life. Therefore, according to the State, the statutory aggravating factor of section 12—4(b)(8) had no relevance to the defendant's actual state of mind, and the justification defense cannot rationally be read to encompass action taken in response to the threat of such a minor offense.

In conclusion, the State argues that the defendant's argument fails less because of statutory construction than because of public policy. According to the State, the legislature could not have intended the absurd result the defendant seeks—that a person could be allowed to use deadly force to prevent a possible battery merely because the incident occurred on a public way. The State argues that the privilege to use deadly force depends upon the "seriousness of the force involved" (see Ill. Ann. Stat., ch. 38, par. 7—1, Committee Comments, at 354 (Smith-Hurd 1989)) and not merely upon location.

■ We do not adopt the details of the State's argument on the merits. Nevertheless, we reach the same conclusion reached by the State. The plain language of the Code demonstrates the legislative determination that *any* battery committed on a public way, despite the other details of the occurrence, is sufficiently serious to be elevated to an aggravated battery. (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(8).) The Code also provides that a person is justified to use deadly force against another, if he reasonably believes that such force is necessary to prevent imminent death, great bodily harm, or the commission of a forcible felony. (Ill. Rev. Stat. 1989, ch. 38, par. 7—1.) Further, however, in a statutory provision first effective January 1, 1990, and therefore not considered by the *Garcia* court, the Code in relevant part clearly defines "forcible felony" to include "aggravated battery *resulting in great bodily harm or permanent disability or disfigurement*." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 2—8.

Here, unlike in *Garcia,* the court instructed the jury that under some circumstances, including if a person has a reasonable belief that he needs to act to avoid a forcible felony, one can be justified in using deadly force. The court also defined "forcible felony" as including "aggravated battery" and partially defined "aggravated battery." We find that it properly refused to further instruct that a battery on a public way constituted an aggravated battery.

Here there was evidence of a battery on a public way: an unarmed punch thrown at the defendant by a person who immediately prior thereto had tailgated the defendant. However, we find that the evidence could not support a jury conclusion that the defendant acted with a reasonable apprehension of an aggravated battery causing either great bodily harm or permanent disability or disfigurement. Consequently, we further find that the court did not err in denying an instruction that battery on a public way is defined as an "aggravated battery." See *Garcia,* 169 Ill. App. 3d at 620.

The critical factor here is not merely that the defendant faced a battery on a public way. When the legislature designated a subset of aggravated batteries that would justify deadly force, it clearly demonstrated that it did not mean to provide a justification in the case of *any* battery on a public way. (See *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365; Ill. Rev. Stat. 1989, ch. 38, pars. 2—8, 7—1, 12—4(b)(8).) The linchpin is the absence of evidence that the defendant faced a battery on a public way *resulting in great bodily harm, permanent disability, or disfigurement.* Ill. Rev. Stat. 1989, ch. 38, par. 2—8.

Based on the foregoing, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

INGLIS, P.J., and UNVERZAGT, J., concur.