UNITED STATES of America ex rel.
Thomas BRYANT, Petitioner,

v.

Odie WASHINGTON, Warden of Dixon
Correctional Center and Roland Burris,
Attorney General of the State of Illinois,
Respondents.[1]

No. 94 C 3822.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 30, 1994.

Thomas Bryant, pro se.

Bradley P. Halloran, Arleen C. Anderson,
Illinois Atty. General's Office, Susan Takata
O'Leary, Illinois Dept. of Corrections, Chicago, IL, for respondents.

---

1. Only Odie Washington has answered. This approach is doubtless because of Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254, which directs that where, as here, a petitioner is currently serving the challenged sentence, then the proper party respondent is only the state officer having custody, not the Attorney General. However, petitioner named both Warden Washington and General Burris, both are entered on the docket, and General Burris has not moved for his dismissal. Accordingly, the court will refer to "respondents" throughout this opinion.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Thomas Bryant, a prisoner in state custody, has petitioned this court for a writ of habeas corpus. 28 U.S.C. § 2254. Petitioner Bryant offers two Fourteenth Amendment Due Process Clause grounds for relief: (1) insufficiency of the evidence to convict; and (2) the state trial court's erroneous restriction of cross-examination.

### I. BACKGROUND[2]

Following a bench trial before the Circuit Court of Cook County, Illinois, petitioner was convicted of attempted first degree murder, armed violence, and two counts of aggravated battery. The trial court sentenced petitioner to 10 years imprisonment on the attempted murder conviction.

The victim of this offense, Scott Woods, testified that in April 1990 petitioner came to the house of Terresa Robinson, the present girlfriend of Woods and the former girlfriend of petitioner. After an initial fight, petitioner retrieved a small-caliber handgun, broke into the house and shot Woods in the neck, continuing to fire until the chambers were empty. At that point petitioner ran. Woods' treating physician testified he was treated for three gunshot wounds.

Robinson was not an eye witness to the shooting, but testified as to the circumstances of mutual jealousy between Woods and petitioner. Robinson originally stated that petitioner earlier had a gun, but retracted the statement at trial.

Jeffrey Anderson, who was at Robinson's house that night, testified that the circumstances were more ambiguous—that there was a fight, there was a struggle over a gun, and then shots were fired.

Petitioner testified that Woods was the initial aggressor when petitioner arrived at Robinson's house. Petitioner said that, concerned for the safety of his daughter by Robinson, he entered the house unarmed, accidentally breaking a window. In the house, petitioner said, Woods attacked him and pulled out a handgun. There was a struggle and the gun discharged, after which petitioner fled because he was afraid.

A police investigator and detective testified in rebuttal that Robinson had earlier stated petitioner had a gun when he entered the house.

## II. SUFFICIENCY OF THE EVIDENCE

■ Respondents do not argue procedural default on this ground, so the court proceeds directly to the merits. Where, as here, a federal district court considers the habeas ground of insufficient evidence to support conviction, the standard is "whether, 'after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States ex rel. Shore v. O'Leary,* 833 F.2d 663, 666 (7th Cir.1987) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

■ Petitioner's account of the evidence at trial is his side of the story—the evidence marshalled on his behalf. But there being an argument for his innocence is a far cry from his burden—to establish that no rational trier of fact could have found him guilty beyond a reasonable doubt.

This court agrees with the Illinois Appellate Court's analysis on direct appeal. The victim's testimony, the surrounding circumstances, the nature of the act, and the impeachment of Robinson all support a conviction. Viewing the facts in a light most favorable to respondents it is clear that a rational trier of fact could have found petitioner guilty.

Petitioner almost concedes this much. Towards the end of his discussion of this ground he argues that, while the evidence probably supports the conclusion that he committed the act charged, the evidence does

---

**2.** This statement of background facts is drawn from the unchallenged factual discussion by the Illinois Appellate Court on direct appeal (*People v. Bryant,* No. 1–92–1811 (Ill.App.Ct. Sept. 16, 1993)). *See* 28 U.S.C. § 2254(d); *Sumner v.* *Mata,* 449 U.S. 539, 545–46, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981); *Smith v. Fairman,* 862 F.2d 630, 632 (7th Cir.1988), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989).

not support the conclusion that he possessed the specific intent required for a conviction on attempted murder.

As petitioner notes, specific intent is an element of the state's burden in proving attempted murder. *People v. Solis*, 216 Ill. App.3d 11, 17, 159 Ill.Dec. 451, 454, 576 N.E.2d 120, 123 (1991). The fact of specific intent to murder, however, can be inferred from "[t]he nature of defendant's act and the surrounding circumstances." *Id.* "Defendant is presumed to intend all of the natural and probable consequences" of his actions, and "the natural tendency" of shooting someone in the neck can reasonably be thought of as "to shorten the victim's life." *Id.*

Petitioner's first ground for habeas relief fails.

## III. RESTRICTIONS ON CROSS-EXAMINATION

Petitioner's other ground for habeas relief is that the trial judge improperly restricted his cross-examination of the state's rebuttal witnesses at trial. Respondents challenge this ground both on procedural default and the merits, so the court addresses both arguments.

### A. *Procedural Default*

■ Petitioner, respondents concede, raised his cross-examination argument in his initial direct appeal and in his petition for leave to appeal to the Supreme Court of Illinois. (*See* Respondents' Answer Ex. A & D.) Respondents argue however, that the state appeals were not based on the federal constitution. While the claim need not have been labeled as a federal constitutional claim, "the claim must have been presented in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim." *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir.1984).

■ Petitioner's state appeals do not specifically mention a constitutional claim or rely on federal cases. Nor did any state cases cited employ federal constitutional analysis. Plaintiff does not state his claim in terms so particular as to " 'call to mind a specific right protected by the Constitution.' " *Id.* at 454

(citation omitted). Plaintiff does not " 'alleg[e] a pattern of facts that is well within the mainstream of constitutional litigation.' " *Id.* (citation omitted). In fact, an evidentiary ruling such as whether cross examination is within the scope of direct is primarily a state-law issue. *Cf. Estelle v. McGuire*, 502 U.S. 62, 65–69, 112 S.Ct. 475, 479–81, 116 L.Ed.2d 385 (1991).

No cause or prejudice for petitioner's omission is alleged. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Nor do the facts suggest this is the case where " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Sawyer v. Whitley*, —— U.S. ——, —— n. 6, 112 S.Ct. 2514, 2519 n. 6, 120 L.Ed.2d 269 (1991) (citation omitted). Accordingly, petitioner's failure to raise his constitutional issue before the state courts is a bar to forwarding the argument on this habeas review. *Anderson v. Harless*, 459 U.S. 4, 6–9, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982).

The procedural default issue alone resolves this ground, but for the sake of completeness the court considers the merits.

### B. *Merits*

■ The claim that the state trial judge improperly ruled regarding the restriction of cross-examination of a rebuttal witness based on the scope of direct testimony is a claim that is unlikely to succeed. The subject of admission of evidence is a state concern. *Estelle v. McGuire*, 502 U.S. at 65–69, 112 S.Ct. at 479–81. And Illinois law allows the trial court substantial discretion regarding the scope of cross-examination. *People v. Dortch*, 109 Ill.App.3d 761, 767, 65 Ill.Dec. 308, 313, 441 N.E.2d 100, 105 (1982).

■ The state's rebuttal witnesses were called to testify to prior inconsistent statements of witness Terresa Robinson. (R. 418, 420, 431, 433–38). The state elicited testimony regarding Robinson's earlier statements. (R. 419, 433–38). The trial judge was careful to limit the state to impeachment. (R. 420.) Similarly, the court sustained objections to questions on cross-examination regarding other statements by Robinson. (R. 429–32,

440–47.) There is simply no due process violation established in this ground.

## CONCLUSION

Thomas Bryant's Petition for Writ of Habeas Corpus is denied with prejudice.